# EXHIBIT A

SMITH, MCDOWELL & POWELL,
A LAW CORPORATION
C. Jason Smith, SBN 237966
Brandon T. Wright, SBN 294305
100 Howe Avenue, Suite 208 South
Sacramento, CA 95825
Telephone: (916) 569-8100
Facsimile: (916) 848-3777

Attorneys for Plaintiff,
Hale Bros. Investment Company, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HALE BROS. INVESTMENT COMPANY, LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>STUDENTSFIRST INSTITUTE, a District of Columbia non-profit corporation; STUDENTSFIRST, a District of Columbia non-profit corporation; 50CAN, INC., a Connecticut corporation; and DOES 1 through 50 inclusive.<br><br>  Defendants. | Case No.: 2:16-cv-02284-JAM-EFB<br><br>**PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NUMBER ONE** |

PROPOUNDING PARTY:   Defendant STUDENTSFIRST INSTITUTE

RESPONDING PARTY:    Plaintiff HALE BROS. INVESTMENT COMPANY, LLC

SET NUMBER:          One (1)

Pursuant to *Code of Civil Procedure section 2031.210 et. seq.* and all other provisions of the Civil Discovery Act, Plaintiff, HALE BROS. INVESTMENT COMPANY, LLC herein responds to Defendant, STUDENTSFIRST INSTITUTE's, Request for Production of Documents as follows:

1

## PRELIMINARY STATEMENT

It should be noted that responding party has not fully completed investigation of the facts and circumstances relating to this case, and has not fully completed discovery in this action and has not completed preparation for trial. All of the answers contained herein are based upon such information and documents which are presently available to, located by or specifically known to this responding party and responding party discloses only such information and documents which presently occur to and/or are in the custody, possession or control of responding party.

It is anticipated that further discovery, independent investigation, research, and analysis will lead to the location and/or discovery of additional documents and facts, add meaning to known facts, as well as establish entirely new factual conclusions and contentions, all of which may lead to substantial additions, changes, and/or variations from the contentions herein set forth and documents referenced and/or provided herein. The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact, facts, document and/or documents which this responding party may later recall, discover or locate. Responding party accordingly reserves the right to change and/or supplement any and all answers herein as the circumstances may require. The answers contained herein are made in a good faith effort to supply as much factual information and documentation as is presently known and/or in the possession, custody or control of responding party which should in no way be to the prejudice of responding party in relation to modified, supplemented and/or additional responses to the requests herein.

## GENERAL OBJECTIONS

Responding party bases these responses on the assumption that in propounding these requests, requesting party does not seek documents and things protected against discovery by (a) attorney/client privilege; (b) the attorney work product doctrine; (c) any other valid privilege; (d) constitutional or statutory right of privacy; (e) the confidentiality of statements or conduct made for settlement purposes; (f) trade secrets or other propriety and/or confidential information; (g) premature disclosure of expert witness information and/or analysis; or (h) materials which are irrelevant to the subject matter of this litigation and not likely to lead to admissible evidence.

Responding party objects to each and every demand on these grounds to the extent such information is sought.

Plaintiff also objects to each and every request to the extent the form of the question or nature of documents and things sought does not comply with the California Civil Discovery Act including, without limitation: (a) failing to number demands consecutively; (b) failing to specify the form of production of documents and things sought; (c) failing to separately set forth each demand; (d) failing to properly specify, describe and/or reasonably particularize the documents and things sought; (e) failing to specific the manner and time of inspection if applicable; (f) including an improper preface or instruction; (g) including specially defined terms that are vague, ambiguous and/or fail to be presented in all capitalized letters; and/or (h) presenting a request that in any other way improperly violates the Civil Discovery Act.

Responding party further objects to each and every request to the extent such request: (a) is presented for an improper purpose; (b) is vague, ambiguous or overly broad; (c) is unduly expensive, oppressive or burdensome to respond to; (d) improperly seeks information equally available to requesting party and/or information in the custody, possession or control of third persons or entities; (e) seeks information or materials prepared in anticipation of litigation or for trial of this, or any other, matter; and/or (f) improperly calls for contents of documents as opposed to the documents themselves.

Again, responding party has not completed discovery or preparation for trial and reserves the right to change these responses and to present additional contentions, documents, things and/or materials at a later date to the fullest extent permissible. To the extent the objections set forth herein are applicable not only to responding party but to a third party or parties, the objections shall apply to everyone. Any objection interposed with a response is expressly reserved and not waived. These general objections shall be applicable to each and every response and production below.

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

Subject to and without waiving any of the foregoing general objections, Plaintiff responds as follows:

3

PLAINTIFFS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All DOCUMENTS RELATING TO the leasing of the PREMISE, including but not limited to lease agreements, rental agreements, commissions, subleases, and assignments.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Responding Party objects to this request to the extent that it requests proprietary and confidential information, privileged information (including, without limitation attorney-client privilege and/or the work product doctrine under California Code of Civil Procedure §§ 2018.020 and 2018.030) pre-mature expert witness information and/or violates Responding Party's constitutional right to privacy. Responding Party further objects on grounds this request fails to specifically describe the items requested and/or reasonably particularize the documents requested and is vague, ambiguous, overly broad, unintelligible and unduly burdensome, unreasonably difficult and expensive to respond to. It is unclear whether Propounding Party is requesting for documents related to its leasing of the Premises, or documents related to any leasing of the Premises at any time. Responding Party also objects to the extent it improperly seeks information equally available to Propounding Party and/or that are in the possession, custody or control of third parties. Notwithstanding said objections (including those incorporated herein by way of the aforementioned common objections) Responding Party responds as follows:

Assuming Propounding Party is requesting documents relating to its lease of the Premises, Responding Party will produce all non-privileged and non-proprietary documents and/or portions of documents responsive to this request that are in its possession, custody or control. Responding Party reserves the right to produce additional documents responsive to this request if and/or when located. Discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.2:**

All COMMUNICATIONS with TENANT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Responding Party objects to this request to the extent that it requests proprietary and confidential information, privileged information (including, without limitation attorney-client

privilege and/or the work product doctrine under California Code of Civil Procedure §§ 2018.020 and 2018.030) pre-mature expert witness information and/or violates Responding Party's constitutional right to privacy. Responding Party further objects on grounds this request fails to specifically describe the items requested and/or reasonably particularize the documents requested and is vague, ambiguous, overly broad, unintelligible and unduly burdensome, unreasonably difficult and expensive to respond to. Responding Party also objects to the extent it improperly seeks information equally available to Propounding Party and/or that are in the possession, custody or control of third parties. Notwithstanding said objections (including those incorporated herein by way of the aforementioned common objections) Responding Party responds as follows:

Responding Party will produce all non-privileged and non-proprietary documents and/or portions of documents responsive to this request that are in its possession, custody or control. Responding Party reserves the right to produce additional documents responsive to this request if and/or when located. Discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.3:**

All COMMUINCATIONS with prospective lessees of the PREMISES since March 2016.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Responding Party objects to this request to the extent that it requests proprietary and confidential information, privileged information (including, without limitation attorney-client privilege and/or the work product doctrine under California Code of Civil Procedure §§ 2018.020 and 2018.030) pre-mature expert witness information and/or violates Responding Party's constitutional right to privacy. Responding Party further objects on grounds this request fails to specifically describe the items requested and/or reasonably particularize the documents requested and is vague, ambiguous, overly broad, unintelligible and unduly burdensome, unreasonably difficult and expensive to respond to. Notwithstanding said objections (including those incorporated herein by way of the aforementioned common objections) Responding Party responds as follows:

Responding Party will produce all non-privileged and non-proprietary documents and/or

portions of documents responsive to this request that are in its possession, custody or control. Responding Party reserves the right to produce additional documents responsive to this request if and/or when located. Discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

All DOCUMENTS RELATING TO the notice of default sent by DEFENDANT to TENANT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS:**

Responding Party objects to this request to the extent that it requests proprietary and confidential information, privileged information (including, without limitation attorney-client privilege and/or the work product doctrine under California Code of Civil Procedure §§ 2018.020 and 2018.030) pre-mature expert witness information and/or violates Responding Party's constitutional right to privacy. Responding Party further objects on grounds this request fails to specifically describe the items requested and/or reasonably particularize the documents requested and is vague, ambiguous, overly broad, unintelligible and unduly burdensome, unreasonably difficult and expensive to respond to. Responding Party also objects to the extent it improperly seeks information equally available to Propounding Party and/or that are in the possession, custody or control of third parties. Notwithstanding said objections (including those incorporated herein by way of the aforementioned common objections) Responding Party responds as follows:

Responding Party will produce all non-privileged and non-proprietary documents and/or portions of documents responsive to this request that are in its possession, custody or control. Responding Party reserves the right to produce additional documents responsive to this request if and/or when located. Discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

All COMMUNICATIONS RELATING TO the letter of credit referenced in the first amended complaint in this action.

/ / /

/ / /

6

PLAINTIFFS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Responding Party objects to this request to the extent that it requests proprietary and confidential information, privileged information (including, without limitation attorney-client privilege and/or the work product doctrine under California Code of Civil Procedure §§ 2018.020 and 2018.030) pre-mature expert witness information and/or violates Responding Party's constitutional right to privacy. Responding Party further objects on grounds this request fails to specifically describe the items requested and/or reasonably particularize the documents requested and is vague, ambiguous, overly broad, unintelligible and unduly burdensome, unreasonably difficult and expensive to respond to. Propounding Party has not limited the scope of its request to communications between the parties or even to a specific time period. Responding Party also objects to the extent it improperly seeks information equally available to Propounding Party and/or that are in the possession, custody or control of third parties. Notwithstanding said objections (including those incorporated herein by way of the aforementioned common objections) Responding Party responds as follows:

Responding Party will produce all non-privileged and non-proprietary documents and/or portions of documents responsive to this request that are in its possession, custody or control. Responding Party reserves the right to produce additional documents responsive to this request if and/or when located. Discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

All DOCUMENTS RELATING TO monies received by DEFENDANT with respect to the PREMISES since July 2016.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Responding Party objects to this request to the extent that it requests proprietary and confidential information, privileged information (including, without limitation attorney-client privilege and/or the work product doctrine under California Code of Civil Procedure §§ 2018.020 and 2018.030) pre-mature expert witness information and/or violates Responding Party's constitutional right to privacy. Responding Party further objects on grounds this request fails to specifically describe the items requested and/or reasonably particularize the documents

requested and is vague, ambiguous, overly broad, unintelligible and unduly burdensome, unreasonably difficult and expensive to respond to. Responding Party also objects to the extent it improperly seeks information equally available to Propounding Party and/or that are in the possession, custody or control of third parties. Notwithstanding said objections (including those incorporated herein by way of the aforementioned common objections) Responding Party responds as follows:

Responding Party will produce all non-privileged, non-proprietary, and non-private documents and/or portions of documents responsive to this request that are in its possession, custody or control. Responding Party reserves the right to produce additional documents responsive to this request if and/or when located. Discovery is ongoing.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

All DOCUMENTS RELATING TO expenditures made by DEFENDANT with respect to the PREMISES since July 2016.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Responding Party objects to this request to the extent that it requests proprietary and confidential information, privileged information (including, without limitation attorney-client privilege and/or the work product doctrine under California Code of Civil Procedure §§ 2018.020 and 2018.030) pre-mature expert witness information and/or violates Responding Party's constitutional right to privacy. Responding Party further objects on grounds this request fails to specifically describe the items requested and/or reasonably particularize the documents requested and is vague, ambiguous, overly broad, unintelligible and unduly burdensome, unreasonably difficult and expensive to respond to. Notwithstanding said objections (including those incorporated herein by way of the aforementioned common objections) Responding Party responds as follows:

Responding Party will produce all non-privileged, non-proprietary, and non-private documents and/or portions of documents responsive to this request that are in its possession, custody or control. Responding Party reserves the right to produce additional documents responsive to this request if and/or when located. Discovery is ongoing.

PLAINTIFFS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

All COMMUNICATIONS with third parties RELATING TO the PREMISES since March 2016.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Responding Party objects to this request to the extent that it requests proprietary and confidential information, privileged information (including, without limitation attorney-client privilege and/or the work product doctrine under California Code of Civil Procedure §§ 2018.020 and 2018.030) pre-mature expert witness information and/or violates Responding Party's constitutional right to privacy. Responding Party further objects on grounds this request fails to specifically describe the items requested and/or reasonably particularize the documents requested and is vague, ambiguous, overly broad, unintelligible and unduly burdensome, unreasonably difficult and expensive to respond to. Notwithstanding said objections (including those incorporated herein by way of the aforementioned common objections) Responding Party responds as follows:

Responding Party will produce all non-privileged and non-proprietary documents and/or portions of documents responsive to this request that are in its possession, custody or control. Responding Party reserves the right to produce additional documents responsive to this request if and/or when located. Discovery is ongoing.

Dated: January 20, 2017

SMITH, McDOWELL & POWELL,
A LAW CORPORATION

C. Jason Smith
Brandon T. Wright
Attorneys for Plaintiff,
Hale Bros. Investment Company, LLC

COURT: United State District Court – Eastern District
CASE NO.: 2:16-cv-02284-JAM-EFB
CASE NAME: Hale Bros. Investment Company, LLC v. Studentsfirst Institute et. al.

## VERIFICATION

I, John Cox, am an authorized representative of HALE BROS. INVESTMENT COMPANY, LLC, a limited liability company organized and existing under the laws of California. HALE BROS. INVESTMENT COMPANY, LLC is a plaintiff in the above-entitled action, and I have been authorized to make this verification on its behalf. The foregoing responses to **DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** are true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing responses are true and correct.

Executed on January 19, 2017, in Sacramento County, California.

_____
John Cox on behalf of
HALE BROS. INVESTMENT COMPANY,
LLC, a California limited liability company

COURT: United States District Court for the Eastern District of California
CASE NAME: Hale Bros. Investment Company, LLC v. StudentsFirst Institute, et al.
CASE NO.: 2:16-CV-02284-JAM-EFB

## PROOF OF SERVICE

I am a resident of the United States, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 100 Howe Avenue, Suite 208 South, Sacramento, California 95825.

I am familiar with Smith, McDowell & Powell, A Law Corporation's practice whereby each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business.

On the date indicated below, I served the within:

- **PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSES TO DEFENDANT, STUDENTSFIRST INSTITUTE'S REQUEST FOR ADMISSIONS, SET ONE; and**

- **PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFRIST INSTITUTE'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NUMBER ONE.**

(X) BY MAIL — I personally placed a true and correct copy of the above document(s) in a sealed envelope with first class postage affixed and mailed to the following:

| | |
|---|---|
| Patrick S. Thompson<br>Jacqueline E. Young<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105-3204<br>T: (415) 344-7000<br>F: (415) 344-7050<br><br>PatrickThompson@perkinscoie.com<br>JYoung@perkinscoie.com<br><br>**Attorney for Defendants** | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on **January 20, 2017** in Sacramento, California.

*/s/ Maritza Galdos-Smith*
Maritza Galdos-Smith