# EXHIBIT D

SMITH, MCDOWELL & POWELL,
A LAW CORPORATION
C. Jason Smith, SBN 237966
Brandon T. Wright, SBN 294305
100 Howe Avenue, Suite 208 South
Sacramento, CA 95825
Telephone: (916) 569-8100
Facsimile: (916) 848-3777

Attorneys for Plaintiff,
Hale Bros. Investment Company, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HALE BROS. INVESTMENT COMPANY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STUDENTSFIRST INSTITUTE, a District of Columbia non-profit corporation; STUDENTSFIRST, a District of Columbia non-profit corporation; 50CAN, INC., a Connecticut corporation; and DOES 1 through 50 inclusive.<br><br>Defendants.<br><br>AND RELATED CROSS CLAIMS | Case No.: 2:16-cv-02284-JAM-EFB<br><br>**PLAINTIFF HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE** |

///
///
///
///
///

1

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant, STUDENTSFIRST INSTITUTE |
| RESPONDING PARTY: | Plaintiff, HALE BROS. INVESTMENT COMPANY, LLC |
| SET NUMBER: | One (1) |

Pursuant to *Code of Civil Procedure section 2030.210-2030.310, et. seq.* and all other provisions of the Civil Discovery Act, Plaintiff/Counter-Defendant, HALE BROS. INVESTMENT COMPANY, LLC, herein responds to Defendant/Counter-Claimant, STUDENTSFIRST INSTITUTE'S Special Interrogatories as follows:

### PRELIMINARY STATEMENT

It should be noted that Responding Party has not fully completed investigation of the facts and circumstances relating to this case, and has not fully completed discovery in this action and has not completed preparation for trial. All of the answers contained herein are based upon such information and documents which are presently available to, located by or specifically known to the Responding Party and Responding Party discloses only such information and documents which presently occur to and/or are in the custody, possession or control of Responding Party.

It is anticipated that further discovery, independent investigation, research, and analysis will lead to the location and/or discovery of additional documents and facts, add meaning to known facts, as well as establish entirely new factual conclusions and contentions, all of which may lead to substantial additions, changes, and/or variations from the contentions herein set forth and documents referenced and/or provided herein. The following responses are given without prejudice to each Responding Party's right to produce evidence of any subsequently discovered fact, facts, document and/or documents which this Responding Party may later recall, discover or locate. Responding Party accordingly reserves the right to change and/or supplement any and all answers herein as the circumstances may require. The answers contained herein are made in a good faith effort to supply as much factual information and documentation as is presently known and/or in the possession, custody or control of Responding Party, which should in no way be to the prejudice of Responding Party in relation to modified, supplemented and/or additional responses to the requests herein.

///

## GENERAL OBJECTIONS

Responding Party bases these responses on the assumption that in propounding these interrogatories, requesting party does not seek materials protected against discovery by (a) attorney/client privilege; (b) the attorney work product doctrine; (c) any other valid privilege; (d) constitutional or statutory right of privacy; (e) the confidentiality of statements or conduct made for settlement purposes; (f) trade secrets or other propriety and/or confidential information; (g) premature disclosure of expert witness information and/or analysis; or (h) materials which are irrelevant to the subject matter of this litigation and not likely to lead to admissible evidence. Responding Party objects to each and every interrogatory on these grounds to the extent such information is sought.

Responding Party also objects to each and every interrogatory to the extent the form of the question does not comply with the California Civil Discovery Act including, without limitation: (a) requesting more than the requisite number of interrogatories without proper justification and an accompanying declaration; (b) the interrogatory is not presented in proper format and/or numbering sequence; (c) the interrogatory is not full and complete in and of itself; (d) the interrogatory includes an improper preface or instruction; (e) specially defined terms are vague, ambiguous and/or fail to be presented in all capitalized letters; (f) the interrogatory contains improper subparts or is compound, conjunctive or disjunctive; and/or (g) the interrogatory requires Responding Party to continually supplement an answer that was initially correct when given.

Responding Party further objects to each and every interrogatory to the extent such interrogatory: (a) is presented for an improper purpose; (b) is vague, ambiguous or overly broad; (c) is unduly expensive, oppressive or burdensome to respond to; (d) improperly seeks information equally available to requesting party and/or information in the custody, possession or control of third persons or entities; (e) seek information or materials prepared in anticipation of litigation or for trial of this, or any other, matter; and/or (f) improperly calls for contents of documents.

Again, Responding Party has not completed discovery and reserves the right to change these responses and to present additional contentions or materials at a later date to the fullest extent permissible. To the extent the objections set forth herein are applicable not only to Responding

3

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

Party, but to a third party or parties, the objections shall apply to everyone. Any objection interposed with a response is expressly reserved and not waived. These general objections shall be applicable to each and every response below.

## RESPONSE TO SPECIAL INTERROGATORIES

Subject to and without waiving any of the foregoing general objections, Responding Party responds as follows:

**REQUEST FOR SPECIAL INTERROGATORY 1:**

IDENTIFY all persons involved in the negotiation of the NEW LEASE.

**RESPONSE TO SPECIAL INTERROGATORY 1:**

Responding Party objects to the extent this interrogatory requests information protected under a Nondisclosure Agreement, and/or invades third party rights to privacy. Responding Party further objects on grounds this request is vague, ambiguous, and overly broad. Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

1. Paul Petrovich (Responding Party)
2. John Cox (Counsel for Responding Party)
3. Lisa Montagnino (Responding Party)
3. Tyler Smith (New Tenant)
4. Jonathan E. Ratner (Outside Counsel – New Tenant)

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 2:**

IDENTIFY all persons involved in YOUR drawing on the letter of credit.

**RESPONSE TO SPECIAL INTERROGATORY 2:**

Responding Party objects to the extent this interrogatory requests premature disclosure of expert witness information, proprietary information, privileged information (including, without limitation the attorney-client privilege) and/or is subject to the attorney work product doctrine.

4

Responding Party further objects on grounds this request is vague, ambiguous, and overly broad. Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

1. Paul Petrovich (Responding Party)
2. Kenneth King (Former General Counsel – Responding Party)
3. John Cox (Counsel – Responding Party)
3. Deanna Lord (Defendants)
4. Kellan Arno (Defendants)
5. Angelia Dickens (General Counsel – Defendants)
6. James C. Blew (President – Defendants)
7. Patrick Thompson (Outside Counsel – Defendants)
8. Darvin Davitian (Outside Counsel – Defendants)
9. Angela Mendenhall (Operations Officer, Wells Fargo Bank, N.A., Standby Letter of Credit Unit)

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing

**REQUEST FOR SPECIAL INTERROGATORY 3:**

IDENTIFY all COMMUNICATIONS RELATING TO the letter of credit.

**RESPONSE TO SPECIAL INTERROGATORY 3:**

Responding Party objects to the extent this interrogatory requests premature disclosure of expert witness information, proprietary information, privileged information (including, without limitation the attorney-client privilege) and/or is subject to the attorney work product doctrine. Responding Party further objects on grounds this request is vague, ambiguous, and overly broad. The request does not specify the parties to said communications or limit it to a specific time period. Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

///

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

1. Draft lease and final lease agreement between Responding Party and StudentsFirst and StudentsFirst Institute (Defendants) and an email from Ms. Angelia Dickens, Defendants General Counsel, to Responding Party, dated March 21, 2016.

2. Correspondence from Mr. Kenneth King to StudentsFirst, StudentsFirst Institute dated April 29, 2016.

3. Multiple communications from or around May 6, 2016 to about June 30, 2016 between Plaintiff's in-house attorneys and Patrick Thompson and Darvin Davitian (Mr. Thompson and Mr. Darvin are outside counsel and attorneys for Defendants, StudentsFirst and StudentsFirst Institute).

4. Letter of Credit statements from Wells Fargo Bank, dated on or about: October 26, 2011, November 6, 2012, March 21, 2106, May 5, 2016, May 16, 2016, and July 7, 2016.

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 4:**

IDENTIFY all COMMUNICATION referenced in YOUR response to StudentsFirst's Request for Admissions No. 3.

**RESPONSE TO SPECIAL INTERROGATORY 4:**

Responding Party objects to this interrogatory on grounds it is vague, ambiguous, and overly broad. It is unclear what Request for Admission Propounding Party is referring to. Responding Party previously responded to Requests for Admissions propounded upon it by StudentsFirst Institute, not StudentsFirst, which, as Propounding Party is aware, is a separate and distinct entity. Responding Party further objects to the extent this request seeks information already in the possession, custody, or control of Propounding Party. Assuming Propounding Party is referring to Requests for Admission No. 3, previously propounded by StudentsFirst Institute, and subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

Upon Defendants informing Responding Party of its intent not to continue to perform under its lease, to wind up its affairs, dissolve entities by September 1, 2016, and transfer its assets to a third party, Responding Party issued a notice of default on April 29, 2016. However the demand to vacate was retracted several times in writing prior to July 1, 2016 and Defendant was asked to confirm whether it intended to continue to perform its obligations under the lease. These communications have been provided to Defendant in response to Defendant's Request for Production of Documents.

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 5:**

STATE the disposition of the significant amounts of personal property as well as property TENANT leased through third party vendors referenced in YOUR response to StudentsFirst's Request for Admissions No. 4.

**RESPONSE TO SPECIAL INTERROGATORY 5:**

Responding Party objects to this interrogatory on grounds it is vague, ambiguous, and overly broad. It is unclear what Propounding Party means by "disposition." It is also unclear what Request for Admission Propounding Party is referring to. Responding Party previously responded to Requests for Admissions propounded upon it by StudentsFirst Institute, not StudentsFirst, which, as Propounding Party is aware, is a separate and distinct entity. Responding Party further objects to the extent this request seeks information already in the possession, custody, or control of Propounding Party. Assuming Propounding Party is referring to Requests for Admission No. 4, previously propounded by StudentsFirst Institute, and subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

The leased property as identified on the Premier Copier Transport is 1) Konica Minolta, 2) Large Capacity, 3) Fax Kit, and 4) Sheet Staple Finisher was removed from the Premises by Premier Copier Transport on or about July 15, 2016. A former employee, who retained a key card and garage remote fob, accessed the premises (without contacting or informing Responding Party)

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

to assist Premier Copier Transport with the removal of the leased property. The remaining property remains in the Premises.

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 6:**

STATE the date on which YOU contend TENANT vacated the Premises.

**RESPONSE TO SPECIAL INTERROGATORY 6:**

Responding Party objects to this interrogatory on grounds it is vague, ambiguous, and unintelligible as the term "vacated" is not defined. Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

Responding Party is informed and believes that TENANT ceased operations from the PREMISES on or about July 1, 2016, and based on Responding Party's recollection, TENANT left what appeared to be all of the key cards and garage fobs for the PREMISES and parking garage on the reception desk at the entry of the PREMISES, but TENANT retained and left within the PREMISES significant amounts of personal property as well as property that it leased through third party vendors. Further, TENANT Responding Party is informed and believes that TENANT directed one of its employees to retain a key card to the PREMISES – without Responding Party's knowledge, awareness, consent, permission, or otherwise – so that such former employee could access the PREMISES after July 1, 2016, without Responding Party's consent, knowledge, permission or awareness, in order to facilitate, among other things, the return of such leased personal property. For instance on or about July 15, 2016, a former employee of TENANT accessed the PREMISES (without Responding Party's knowledge, awareness, consent, permission, or otherwise) to obtain a leased copier. As such, Responding Party contends that TENANT did not vacate the PREMISES until July 15, 2016, at the earliest.

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

**REQUEST FOR SPECIAL INTERROGATORY 7:**

STATE ALL FACTS supporting YOUR damages claim, including: payment for unpaid rent for office space, payment for unpaid rent for parking, amortized tenant improvement costs, leasing commission costs, late charges, other fees and expenses, and interest.

**RESPONSE TO SPECIAL INTERROGATORY 7:**

Responding Party objects to the extent this interrogatory requests premature disclosure of expert witness information, proprietary information, privileged information (including, without limitation the attorney-client privilege) and/or is subject to the attorney work product doctrine. Responding Party further objects on the grounds that this interrogatory calls for an improper legal conclusion. Responding Party also objects on the grounds this interrogatory contains subparts, and is compound, conjunctive, or disjunctive. Responding Party further objects to the extent this request seeks information already in the possession, custody, or control of Propounding Party. Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

On or about October 26, 2011, TENANT entered into a written Office Lease (the "Lease") with Responding Party to lease the second floor of the Hale Building, located at 825 K Street, Sacramento, CA 95814 (the "PREMISES") for a term of sixty-seven (67) months at the agreed base rental of $37,484.46 per month for the first 19 months, $38,455.56 per month for months 20-31, $39,426.66 per month for months 32-43, $40,397.76 per month for months 44-55, and $41,368.86 per month for months 56-67.

On or about October 26, 2011, TENANT also entered into a Parking Agreement with Responding Party to lease, during the term of the Lease, 12 parking spaces at the PREMISES in the sum of $175.00 per space per month for the first 18 months, $180.00 per space per month for months 19-30, $185.00 per space per month for months 31-42, $190.00 per space per month for months 43-54, $195.00 per space per month for months 55-66, and $200.00 per space per month for the 67th month.

In accordance with the Lease, TENANAT, on or about March 6, 2012, entered into possession of the PREMISES and payment of rent commenced on October 6, 2012.

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

In a meeting between Responding Party and TENANT on or about April 29, 2016, TENANT informed Responding Party that on or before, September 20, 2016, TENANT intended to: (1) cease business operations; (2) transfer all assets to a third party; (3) vacate the PREMISES; and (4) dissolve. Pursuant to Section 11.1(ii) of the Lease, TENANTS' failure to perform any covenant, condition, or provision of the Lease, including, but not limited to, its failure to occupy the PREMISES and continue its business operations, constitutes a default and breach of the Lease. Further, pursuant to Section 11.1(vii) and (viii) of the Lease, any action taken by or against TENANT to adversely reorganize or modify TENANTS' capital structure, or dissolve the corporate entities constitutes a default and breach of the Lease. Accordingly, TENANTS' representations to Responding Party were that it intended to breach the Lease.

Astoundingly, at the meeting with Responding Party on or about April 29, 2016, TENANT also provided Responding Party a balance sheet which showed rent payments under the Lease terminating on July 1, 2016, thus further confirming TENANT had no intention of performing its obligations under the remainder of the Lease term. The balance sheet also indicated capital contributions to 50CAN, Inc. in the amount of $1,200,000.00, which constitutes an action to reorganize TENANTS' capital structure and a breach of the Lease pursuant to Section 11.1(vii).

Further, Responding Party is informed and believes and thereon alleges that, at the time TENANT made the aforementioned transfers of their assets, they intended and believed, or reasonably should have believed, that they would thereafter incur debts due to their intent to abandon the PREMISES and cease paying the required rents prior to expiration of the Lease, which would be beyond their ability to pay as they became due. Responding Party is further informed and believes and thereon alleges that TENANTS transferred their assets to 50CAN with an actual intent to hinder, delay, and/or defraud Responding Party in its collection of the monies owed due to TENANTS' abandonment of the PREMISES, failure to pay rents, and various breaches of the Lease. Responding Party is also informed and believes and thereon alleges that 50CAN knowingly and willingly received TENANTS' funds and assets with knowledge that TENANT actually intended to hinder, delay and/or defraud Responding Party by unlawfully preventing Responding Party from recovering such funds and/or assets. 50CAN had such knowledge by virtue of their

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

merger with Tenants in or around March, 2016 and the due diligence that preceded such merger.

Despite repeated requests for clarification throughout May and June 2016, TENANTS concealed the fact they had no intent to pay rent for the month of July, 2016, and to cease paying rent thereafter for the remainder of the Lease term. TENANTS in fact ceased paying rent in July 2016. Demand for said rent has repeatedly been made, but TENANTS have failed and refused, and continue to fail and refuse, to remit the required rent.

Moreover, Responding Party is informed and believes and thereon alleges that, on or before June 30, 2016, TENANTS ceased operations at the PREMISES. Although several assets were removed by TENANRS prior to departure, TENANTS left behind at the PREMISES various furniture, fixtures, and equipment (collectively, "Collateral"), which, pursuant to Section 25.24 of the Lease, constitutes security to Responding Party for TENANTS' performance of their Lease obligations. The estimated value of the Collateral is subject to identification. TENANTS' performance of their Lease obligations were also secured by a standby, unconditional, irrevocable, and transferable Letter of Credit (the "Letter of Credit") in the initial face amount of $1,000,000.00, which was reduced to $500,000.00 on or about March 21, 2016, pursuant to Section 11.6(a) of the Lease.

Responding Party is informed and believes and thereon alleges that TENANTS intentionally concealed their intent to: (1) transfer their assets to 50CAN; (2) breach the Lease; (3) inform Responding Party of the merger of their company with 50CAN; (4) vacate the PREMISES; and (5) remove from the PREMISES personal property constituting collateral for their performance of the Lease, until after the Letter of Credit was reduced to $500,000.00 (which occurred approximately one month before TENANTS made Responding Party aware of their intention to imminently abandon the PREMISES), so as to prevent Responding Party from claiming the entire $1,000,000.00 and thwarting Responding Party's ability to adequately mitigate its damages.

Responding Party is informed and believes and thereon alleges that TENANR also removed various furniture, fixtures, and equipment from the PREMISES prior to their abandonment thereof so as to reduce Responding Party's claim in security interest pursuant to

11

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES. SET ONE

Section 25.24 of the Lease.

Due to TENANTS' various breaches of the Lease, Responding Party is entitled to damages as follows:

*Base Rent*:

TENANT breached the Lease by, among other things, failing to pay the required base rent for the months of July 2016 through September 2016 in the amount of $40,397.76 per month, and October 2016 through October 2017 in the amount of $41,368.86 per month, for total unpaid base rent in the sum of $658,831.83.

Although Responding Party has been able to put a new tenant in the premises, the new tenant's base rent is substantially less than that Responding Party would have received from TENANT had TENANT not breached the Lease. Per the lease with the new tenant, no base rent is paid for the months of July 2016 through February 2017, and the new tenants' base rent for March 2017 through October 2017 is only $27,000.00 per month.

Accounting for the offset of the new tenant's base rent payments, there still remains a difference in what TENANT would have paid had they not breached the lease and what the new tenant is paying for the same period of time in the amount of no less than **$442,831.83**, assuming the new tenant continues to pay its rent.

*Parking Rent*:

TENANT breached its parking agreement with Responding Party by, among other things, failing to pay the required parking rent for the months of July 2016 through September 2016 in the amount of $2,280.00 per month, October 2016 in the amount of $2,330.32, and November 2016 through October 2017 in the amount of $2,340.00 per month, for total unpaid parking rent in the sum of $32,250.32. The new tenant is only paying a total of $14,400.00 in parking rent for this same period, leaving a difference of at least **$22,850.32** due and owing to Responding Party.

*Late Charges:*

Pursuant to Section 25.1 of the Lease, TENANT is also liable for late charges in the amount of 5% of the delinquent installment of rent if such rent is not received, in full, by Responding Party within 5 days of the date the rent is due. TENANT failed to pay any portion of the base rent or

parking rent due, commencing July 2016 and continuing through October 2017. Accordingly, Responding Party is entitled to late charges of at least **$22,141.59** for failure to pay the base rent, and **$1,142.52** for failure to pay the parking rent.

*Leasing Commissions:*

Pursuant to Section 11.6(c) of the Lease, TENANT agreed to pay leasing commissions in the total sum of $118,280.00, amortized over a period of 5 years, for a total of $1,971.33 per month. TENANT breached the lease with 16 months remaining therein. Accordingly, there is currently due and owing to Responding Party the sum of at least **$31,541.28** in unpaid leasing commissions.

*Tenant Improvement Allowance:*

Pursuant to Sections 1.1(17) and 11.6(c) of the Lease, TENANT agreed to pay tenant improvement allowance in the sum of $832,365.00, amortized over 10 years at 6% interest, for a total of $9,240.96 per month. Pursuant to the agreed upon 10-year amortization period, there was 76 months remaining unpaid as of the date of TENANTS' breach of the Lease. Accordingly, there is currently due and owing to Responding Party the sum of at least **$702,312.96** in unpaid tenant improvement allowance costs.

*Previously-Abated Rent:*

Section 3.2 of the Lease provides that the free rent or fully abated rent TENANT received during the initial seven (7) months of the lease shall immediately become due and payable if TENANT is in material default under the lease (as is the case here). The monthly office rent during that seven-month (7) period was $37,484.46 per month for a total of **$262,391.22** abated office rent, and the monthly parking rent for the 16 parking stalls leased by TENANT during that same abatement period was $175.00 per parking stall per month for a total of **$19,600.00** abated parking rent. Accordingly, the total abated rent that is now due and payable is **$281,991.22**.

*Interest:*

TENANT is liable for interest on all unpaid sums owing Responding Party at the legal rate of 10% per annum, commencing no later than July 1, 2016.

///

///

*Attorneys' Fees and Costs:*

Responding Party is entitled to the unamortized attorneys' fees it incurred in connection with entering into the lease with TENANT pursuant to Section 11.2(b)(4) of the lease, as well as all reasonable attorneys' fees and costs it has and will continue to incur in connection with the enforcement of the lease pursuant to Section 11.3. The exact amount of these sums are as yet undetermined, and will continue to increase the longer this matter goes unresolved.

*Punitive and Exemplary Damages:*

Responding Party alleges it is entitled to punitive or exemplary damages in an amount to be determined by the Court for TENANTS' and 50CAN, Inc.'s fraudulent transfer and intent to hinder, delay, and/or defraud Responding Party in its collection of the monies due and owing due to TENANTS' breach of the Lease and abandonment of the PREMISES.

*Offsets:*

Responding Party acknowledges that it has managed to draw upon the letter of credit offered as security for TENANTS' performance under the Lease in the sum of $500,000.00. Responding Party further acknowledges its retention of TENANTS' security deposit in the sum of $41,368.86.

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 8:**

IDENTIFY all persons present at the April 29, 2016 meeting referenced in YOUR complaint.

**RESPONSE TO SPECIAL INTERROGATORY 8:**

Responding Party objects to the extent this request seeks information already in the possession, custody, or control of Propounding Party. Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

1. Paul Petrovich (Responding Party)
2. Kenneth King (Former General Counsel – Responding Party)

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

3. Lisa Montagnino (Responding Party)
4. Deanna Lord (Defendants)
5. Kellan Arno (Defendants)

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 9:**

STATE ALL FACTS supporting each of YOUR affirmative defenses to StudentsFirst's counterclaim, including but not limited to: YOUR fifth affirmative defense of release or waiver, YOUR fourteenth affirmative defense of consent, YOUR fifteenth affirmative defense of novation, and YOUR twenty-third affirmative defense of prevention of harm.

**RESPONSE TO SPECIAL INTERROGATORY 9:**

Responding Party objects to the extent this interrogatory requests premature disclosure of expert witness information, proprietary information, privileged information (including, without limitation the attorney-client privilege) and/or is subject to the attorney work product doctrine. Responding Party further objects on the grounds that this interrogatory calls for an improper legal conclusion. Responding Party also objects on the grounds this interrogatory contains subparts, and is compound, conjunctive, or disjunctive. Responding Party further objects to the extent this request seeks information already in the possession, custody, or control of Propounding Party. Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

See Responding Party's response to Special Interrogatory No. 7, above. Additionally, at no time after Defendants breach of the Lease and prior to the filing of this lawsuit have Defendants requested, objected to, or demanded return of the security deposit or remaining funds from Letter of Credit. In fact, the Cash Projections Defendants provided to Responding Party on or about April 29, 2016, only assumed Defendants' receipt of the $500,000 from the Letter of Credit reduction on or about March 21, 2016.

///

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

1 | Responding Party reserves the right to modify, amend and/or supplement this response in
2 | the event this interrogatory is clarified and/or in the event additional facts and/or information is
3 | discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 10:**

Describe all modifications YOU made to the PREMISES prior to making the PREMISES available to rent to the tenants of the new lease.

**RESPONSE TO SPECIAL INTERROGATORY 10:**

Responding Party objects to this interrogatory on grounds it is vague, ambiguous, and overly broad. It is unclear what Propounding Party means by "modification." Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

The new tenants accepted delivery of the PREMISES in its "AS-IS" condition, which included all wear and tear and with all faults (whether or not immediately apparent); provided, however, Responding Party (1) professionally cleaned carpets for the entire PREMISES; (2) purchased replacement carpet tiles; and (3) installed the replacement carpet tiles.

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 11:**

State the amount of money YOU expended to make the modifications described in response to Special Interrogatory No. 10.

**RESPONSE TO SPECIAL INTERROGATORY 11:**

Responding Party objects to this interrogatory on grounds it is vague, ambiguous, and overly broad. It is unclear what Propounding Party means by "modification." Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

As of October 18, 2017, Responding Party's out of pocket costs for modifications is $2,788.00. This amount does not reflect the out of pocket costs for installation of the carpet tile as

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

Responding Party has not yet received the invoice for the installation services. However, Responding Party will update this response upon receipt and payment of the carpet installation services. Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 12:**

State all costs YOU incurred in connection with leasing the PREMISES to the tenant of the NEW LEASE.

**RESPONSE TO SPECIAL INTERROGATORY 12:**

Responding Party objects to this interrogatory on grounds it is vague, ambiguous, and overly broad. It is unclear what Propounding Party means by "costs." Further, Responding Party objects to this interrogatory as it is repetitive, if not identical, to Special Interrogatory No. 11. Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

In addition to Responding Party's response to Special Interrogatory No. 11, Responding Party incurred fees from services provided by outside counsel related to Defendants breach of its Lease.

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

**REQUEST FOR SPECIAL INTERROGATORY 13:**

IDENTIFY any tenant improvements to the PREMISES that are not referenced in Exhibit A of the NEW LEASE.

**RESPONSE TO SPECIAL INTERROGATORY 13:**

Responding Party objects to this interrogatory on grounds it is vague, ambiguous, and overly broad. It is unclear what Propounding Party means by "tenant improvement." Subject to and without waiving any of the foregoing general and specific objections, Responding Party responds as follows:

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

1 | Responding Party is unable to respond to this interrogatory as Exhibit A of the NEW LEASE only identifies personal property, and it does not include, identify, provide for any tenant improvements to the PREMISES. To the extent any improvements were made, Responding Party has identified such improvements in its response to Special Interrogatory 10.

Responding Party reserves the right to modify, amend and/or supplement this response in the event this interrogatory is clarified and/or in the event additional facts and/or information is discovered. Discovery is ongoing.

Dated: October 19, 2017

SMITH, McDOWELL & POWELL,
A LAW CORPORATION

_____
C. JASON SMITH
BRANDON T. WRIGHT
Attorneys for Plaintiff,
HALE BROS. INVESTMENT COMPANY, LLC

18

PLAINTIFF, HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT, STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE

COURT: United State District Court – Eastern District
CASE NO.: 2:16-cv-02284-JAM-EFB
CASE NAME: Hale Bros. Investment Company, LLC v. Studentsfirst Institute et. al.

## VERIFICATION

I, John Cox, am an authorized representative of HALE BROS. INVESTMENT COMPANY, LLC, a limited liability company organized and existing under the laws of California. HALE BROS. INVESTMENT COMPANY, LLC is a plaintiff in the above-entitled action, and I have been authorized to make this verification on its behalf. The foregoing responses, entitled **PLAINTIFF HALE BROS. INVESTMENT COMPANY, LLC'S RESPONSE TO DEFENDANT STUDENTSFIRST INSTITUTE'S SPECIAL INTERROGATORIES, SET ONE**, are true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing responses are true and correct.

Executed on October 19, 2017, in Sacramento County, California.

John Cox on behalf of
HALE BROS. INVESTMENT COMPANY,
LLC, a California limited liability company